101 So.2d 166 (1958)
Karen KOKOTOFF and Howard Kokotoff, by their father and next friend, Arthur Kokotoff, and Arthur Kokotoff, individually, Appellants,
v.
James B. HIGMAN, Appellee.
No. 57-347.
District Court of Appeal of Florida. Third District.
February 18, 1958.
Rehearing Denied April 7, 1958.
Rassner, Miller & Roth, Miami, for appellants.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This appeal resulted from a judgment of the Circuit Court in Dade County, entered on a directed verdict for defendant in an automobile accident case.
The accident involved two automobiles, one of which was driven by the appellant Arthur Kokotoff and the other by the appellee James B. Higman. They collided in an unmarked intersection.
Arthur Kokotoff and two of his children, aged seven and nine years, whom he was driving to school, filed their actions against Higman to recover for their losses and injuries, which they attributed to Higman's negligence. Higman denied negligence, pleaded contributory negligence of Arthur *167 Kokotoff, and counterclaimed to recover for his own personal injuries which he alleged were the result of the negligence of Kokotoff. The counterclaim also met a denial of negligence, and a plea of contributory negligence.
The cause came on for trial before a jury. In the presentation of evidence on behalf of the plaintiffs four witnesses appeared. Kokotoff and Higman testified. The other witnesses were an investigating officer and a nearby resident, neither of whom had witnessed the accident. At the close of the plaintiffs' case, the court granted a motion by defendant for a directed verdict against all plaintiffs. At the same time the trial judge, without motion, dismissed Higman's counterclaim against Arthur Kokotoff, with prejudice.
This appeal was taken on behalf of the original plaintiffs, Arthur Kokotoff and the two children. The dismissal of Higman's counterclaim was not appealed.
In view of the nature of the rulings made by the trial court, the disposition of this matter on appeal does not require extensive reference to the facts. The basic and controlling facts were that the two automobiles, being driven at about twenty-five miles per hour, collided at or near the center of an unmarked intersection in a residential area in Dade County, when neither driver saw the other until the time of impact or a split second before impact, although each had the same opportunity to look for and observe the other. Kokotoff approached from the right and Higman approached from the left. Higman may have reached the center of the intersection three or four feet ahead of Kokotoff, but the side front parts of the two cars met, within a few feet of the center of the intersection.
The judgment on the directed verdict in favor of Higman against Arthur Kokotoff is affirmed because the actions of these two drivers justified the conclusion reached by the trial court that each of the drivers was guilty of negligence contributing to and proximately causing the collision.
Higman's negligence, established by the dismissal of his counterclaim, points out that it was error to grant a directed verdict in favor of Higman against the two Kokotoff children. To direct such a verdict, it would have been necessary for the trial court to hold that there was no substantial credible evidence which could support a jury finding that negligence of Higman, either alone or combined with that of Arthur Kokotoff, was the cause or a contributing proximate cause of the collision and injury to the children. That is, it would have been necessary for the trial court to hold that the negligence of the plaintiff Arthur Kokotoff was the sole proximate cause of the accident. However, the trial court held that Higman was negligent, and that his negligence, combined with that of Arthur Kokotoff proximately caused the accident. That is the effect and result of the rulings of the court directing a verdict in favor of Higman against Arthur Kokotoff and at the same time dismissing the defendant Higman's counterclaim against Kokotoff. The latter ruling, which was not appealed, establishing negligence on the part of the defendant, has settled the question of his liability to the minor plaintiffs.
Contributory negligence of their father would not deprive the children of their right to recover. Porter v. Jacksonville Electric Co., 64 Fla. 409, 60 So. 188; Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169, 143 So. 261; Bessett v. Hackett, Fla. 1953, 66 So.2d 694.
The judgment on the directed verdict against the two Kokotoff children is reversed, and the cause is remanded for a new trial on the issues relating to damages only in the causes of action in which Karen Kokotoff and Howard Kokotoff, suing by their father and next friend Arthur Kokotoff, are plaintiffs.
Affirmed in part and reversed in part.
HORTON, J., concurs.
*168 DREW, E. HARRIS, A.J., concurs in part and dissents in part.
DREW, E. HARRIS, Associate Judge (concurring in part and dissenting in part).
I agree that the judgment on the directed verdict against the two Kokotoff children should be reversed and the cause remanded for a new trial but I think that the issues in the new trial should not be limited to the question of damages only, but that both the issue of negligence and damages should be submitted to the jury.
The dismissal of Higman's counter-claim and his failure to appeal therefrom settled the matter so far as his claim against Kokotoff was concerned but it is my view that such dismissal should not be a bar to the right of Higman to prove if he can, at the trial on the children's claim for injuries, that the negligence of the children's father was the sole proximate cause of the injuries.