126 So.2d 578 (1961)
Frank BELDEN, Appellant,
v.
Daniel A. LYNCH and Sealtest Southern Dairies, Division National Dairy Products Corp., a corporation, Appellees.
No. 1357.
District Court of Appeal of Florida. Second District.
January 25, 1961.
Rehearing Denied February 20, 1961.
*579 Potter, Langbein & Burdick, West Palm Beach, for appellant.
Earnest, Pruitt, Newell & Schulle, and Jones, Adams, Paine & Foster, West Palm Beach, for appellees.
ODOM, ARCHIE M., Associate Judge.
The appeal is from a final judgment entered pursuant to a directed verdict for the defendants suffered by the plaintiff in the court below in an automobile negligence case.
The accident occurred in daylight at about 9:00 A.M. The plaintiff had backed his car partially out of a diagonal parking space into the eastbound traffic lane of a street which was 54 feet wide. Other cars were parked to the right or west side of the plaintiff's car but none for some distance to the left or east side. The car parked immediately to the right of plaintiff's car was long and quite close to his car. The plaintiff had backed about three feet from the curb when he saw a truck coming in the eastbound lane of traffic; he stopped before the truck got there and waited for it to pass, which it did safely. Then, before the plaintiff moved his car and while he had shifted gears preparatory to moving forward, the protruding left rear end of it was struck by defendant's automobile. The defendant's automobile proceeded on down the street toward the east after the impact, laying down skid marks until it came to rest about 100 feet away. There is testimony indicating that the skid marks began a little before the impact and continued from there to where defendant's automobile stopped. None of the plaintiff's witnesses saw the defendant's automobile prior to the collision, but the foregoing factual situation was substantially established by plaintiff's witnesses without contradiction insofar as the case proceeded.
The lower court directed a verdict for the defendant at the close of plaintiff's case for the reason that he felt that there would have to be an inference upon an inference, saying, "* * * first there would have to be an inference of certain actions by the defendant driver and the further inference that such actions were negligent and proximately caused the accident."
Initially, it may be stated that we have a general rule of law in this state that it is the duty of the driver of a motor vehicle to operate his vehicle in such manner that he can stop it at any time within the *580 range of his vision. See authorities cited under 3 Fla.Jur., Automobiles, Etc., section 139, p. 620. The operator of a vehicle approaching and passing parked cars and motor vehicles moving into the line of traffic from parking spaces at the side of the road is under a general duty of maintaining a reasonable lookout ahead and of keeping his car under reasonable control so as to be able to avoid collision with such other vehicles which are parked or which may move into the highway in the exercise of reasonable care. See Annotation, 29 A.L.R.2d 107, particularly § 12, p. 145. A driver approaching a vehicle parked in a street is under a duty to exercise reasonable care not to collide with it, and ordinary care requires him to observe plainly visible parked automobiles in time to avoid collision. See 2A Blashfield, Cyclopedia of Automobile Law and Practice, sections 1221 and 1222, pp. 88 through 100. See also 5A Am.Jur., Automobiles and Highway Traffic, section 716, p. 689. These authorities are cited only for the purpose of showing general duties develoving upon motorists who approach and pass parked vehicles, and these general duties would have been applicable to any motorist approaching the plaintiff's car while it was parked and waiting for such vehicles to pass.
The power to direct a verdict should be sparingly and cautiously exercised; and if any reasonable theory of the evidence, including inferences drawn therefrom, would justify a verdict for the plaintiff, then it is the duty of the court to submit the question to the jury. Good v. Ozer, Fla.App. 1958, 100 So.2d 204, 205. In a negligence case, the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Gravette v. Turner, 1919, 77 Fla. 311, 81 So. 476.
Negligence may be inferred from circumstances properly brought into evidence, and circumstantial evidence alone may authorize the finding of negligence. Cobb v. Twitchell, 1926, 91 Fla. 539, 108 So. 186, 188, 45 A.L.R. 865. In that case the Supreme Court said:
"When the question of negligence depends upon a disputed state of facts, or when the facts, though not disputed, are such that different minds may reasonably draw different conclusions from them, the question is for the jury." (Emphasis supplied.)
As to different inferences which might be drawn by the trier of fact, the Supreme Court said in Haile v. Mason Hotel & Investment Co., 1916, 71 Fla. 469, 71 So. 540, 542:
"Where on the evidence adduced there is room for a difference of opinion between reasonable men as to the existence of facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge."
The principle was reiterated in Atlantic Coast Line R. Co. v. Webb, 1933, 112 Fla. 449, 150 So. 741, 747, as follows:
"If the testimony is conflicting, or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, the case should be submitted to the jury for their finding on the facts."
Thus it may be concluded that where reasonable minds may differ as to reasonable inferences to be drawn from a given factual situation, then a problem is presented for jury determination.
In analyzing the present factual situation it is seen that the cause involved a rear end collision when the car that was struck should have been plainly visible to *581 the driver of the car that struck it, since it was daylight and there was no showing of any obstruction to vision. The plaintiff's car was stopped partially in the lane of traffic and was not moving, and a truck preceding the defendant's car safely passed the plaintiff without colliding. The fact that defendant's car was proceeding eastward in the street somewhere behind the truck is shown by the fact that the impact occurred after the truck had passed, by the skid marks, and by the direction in which defendant's car skidded to rest after the impact, as well as by the traffic lane in which the accident occurred. The fact that the skidmarks started a short distance before the point of impact was reached indicates that the defendant driver applied the brakes at that time, and the 100 foot length of the skid marks constitutes some evidence indicating that the vehicle was not traveling at an ordinary rate of speed under the circumstances. Since the plaintiff saw the oncoming truck and waited for it to pass, and since defendant's car followed the truck, defendant could not possibly have been as close as the truck; and the interval of time in which the truck was passing was available to the defendant for evasive maneuvering even if he was following immediately behind the truck. The street was wide and the uncontroverted facts are that defendant's moving car struck the plaintiff's stopped car in the rear after the truck had safely passed it by. These factual circumstances could reasonably give rise to an inference of negligence on the part of defendant driver in the operation of his vehicle. Some argument has been made that the defendant's car might have been so close to the truck that it obscured his view; but although there is no evidence indicating such to be the fact, such circumstance would be of little help to the defendant since it would seem to indicate negligence of another sort in following too closely for safety.
It is true that negligence may not be inferred from the mere happening of an accident alone. However, this is not the case; here we have the happening of an accident coupled with surrounding circumstances from which a jury might infer negligence. This is not to say that an inference of negligence is the only reasonable inference that could be made by a jury, but such inference reasonably could be made.
The inference upon inference rule does not apply so as to preclude recovery under the facts presented. This rule is not applicable in all cases and does not apply where the prior or basic inference is established to the exclusion of any other reasonable theory. See Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; and Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638. The trial judge thought that it would first be necessary to infer certain actions by the defendant driver and then make the further inference that such actions were negligent. However, the evidence indicates that defendant necessarily was operating his car in the eastbound lane of traffic behind the truck and was approaching the point of the accident. The position of defendant's car, although not established exactly, since it was following the truck must have been more than a truck length away from the plaintiff's car when the plaintiff partially backed into the street. If it is an inference that defendant was operating his car behind the truck and approaching plaintiff's parked vehicle, then this was established to the exclusion of all other reasonable inferences. Reference has previously been made to the general duties owed by drivers approaching parked vehicles. From somewhere in the street behind the truck, the defendant proceeded to run into the plaintiff's parked car from the rear under circumstances strongly indicating negligence. The negligence is not shown by piling inference upon inference in succession, but rather is indicated, and might be found by a jury, from what may be described as parallel inferences arising under the circumstances.
A directed verdict for the defendant in this case could be affirmed only if there was *582 no evidence on which a verdict for the plaintiff could be sustained. It appears that the plaintiff produced enough evidence to permit the cause to go to the jury for determination of reasonable inferences arising from the factual circumstances established by the evidence.
Reversed and remanded for new trial.
KANNER, Acting C.J., concurs.
SHANNON, J., dissents.