HOBSON, Judge.
Appellants, plaintiffs below, bring this appeal from a final order which set aside a judgment entered on a verdict in their favor and which entered final judgment in favor of appellees.
Appellants contend that the trial court’s action in setting aside the jury verdict was erroneous for the reasons that (1) appel-lees did not renew their motion for directed verdict at the close of all the evidence and (2) there was sufficient evidence to support the verdict itself. However, the record shows that appellants’ first contention is unfounded in fact.
In regard to appellants’ second contention, we quote the pertinent portions of the appealed order:
“[T]he evidence is substantially without conflict as to the cause of the accident. The driver of each vehicle was a young matron who, coincidentally, on the day in question had attended the same church meeting in the home of a fellow church member. Each left at or about the same time, i. e. about 11:00 a. m. on a bright, clear day, in a pleasant residential neighborhood. Somehow, they got athwartships of each other on the way home and found themselves approaching the same unmarked intersection at right angles, the plaintiff headed North and the defendant headed East. The testimony *252 of each is remarkably identical from this point on. Each says she was not exceeding 15 to 16 miles per hour; each says that she looked in both directions as she approached the intersection; each says that there was nothing to obstruct her view in the direction from which the other car was approaching; and each says that she did not see the other until at, or a split second before, impact. The evidence further reflects that there were no skid marks from either vehicle prior to impact and that the impact occurred approximately in the geometric center of the intersection.
“From all of the foregoing, this Court finds that the case is controlled by the principles implicit * * * in Kokotoff v. Higman (Fla.App.3d 1958), 101 So.2d 166. While the jury was justified in finding negligence on the part of the defendant driver, the factual circumstances, manifest by the overwhelming weight of the evidence, place the plaintiffs in virtually the same position as the defendants. A finding of negligence on the part of one driver must necessarily result in a finding of negligence on the part of the other unless the jury completely disregards all the testimony and inferences (and bearing on the issue of contributory negligence), in favor of the defendants. To so disregard such evidence and inferences in the face of this record would be arbitrary and unreasonable, and the record is devoid of any justification therefor.
“In any event, and notwithstanding the foregoing, this Court finds that the substantially undisputed testimony reflects that each of the drivers was negligent in this case as a matter of law. The evidence herein will not permit of any reasonable inferences to the contrary.”
Examination of the record demonstrates that the above findings were correct. The appealed order is accordingly affirmed.
LILES, C. J., and PIERCE, J., concur.