229 So.2d 850 (1969)
Ronald C. STIRLING and Colleen Finney Stirling, His Wife, Petitioners,
v.
James W. SAPP and Sandra Ash Sapp, His Wife, Respondents.
No. 37573.
Supreme Court of Florida.
July 2, 1969.
Rehearing Denied September 9, 1969.
*851 George A. Routh and Carleton L. Weidemeyer, Clearwater, for petitioners.
Luke R. Kaleel, of Kaleel, Kaleel & Kaleel, St. Petersburg, for respondents.
ADKINS, Justice.
By petition for a writ of certiorari, we are requested to review a decision of the District Court of Appeal because of alleged conflicts with prior decisions of this Court and decisions of other District Courts of Appeal. Fla. Const., Art. V, § 4 (F.S.A.); Stirling v. Sapp, 209 So.2d 251 (Fla.App.2d 1968).
Petitioners, plaintiffs below, brought suit for damages sustained as the result of an automobile accident at an unmarked intersection. Final judgment for plaintiffs was entered upon a jury verdict in the amount of $15,000.00. This judgment was set aside upon motion and final judgment notwithstanding the verdict was entered by the trial court in favor of the defendants. The final order which set aside the judgment for plaintiffs was affirmed on appeal.
In its opinion the District Court of Appeal quoted pertinent portions of the trial judge's final order as follows:
"[T]he evidence is substantially without conflict as to the cause of the accident. The driver of each vehicle was a young matron who, coincidentally, on the day in question had attended the same church meeting in the home of a fellow church member. Each left at or about the same time, i.e. about 11:00 a.m. on a bright, clear day, in a pleasant residential neighborhood. Somehow, they got athwartships of each other on the way home and found themselves approaching the same unmarked intersection at right angles, the plaintiff headed North and the defendant headed East. The testimony of each is remarkably identical from this point on. Each says she was not exceeding 15 to 16 miles per hour; each says that she looked in both directions as she approached the intersection; each says that there was nothing to obstruct her view in the direction from which the other car was approaching; and each says that she did not see the other until at, or a split second before, impact. The evidence further reflects that there were no skid marks from either vehicle prior to impact and that the impact occurred approximately in the geometric center of the intersection.
"From all of the foregoing, this Court finds that the case is controlled by the principles implicit * * * in Kokotoff v. Higman (Fla.App.3d 1958), 101 So.2d 166. While the jury was justified in finding negligence on the part of the defendant driver, the factual circumstances, manifest by the overwhelming weight of the evidence, place the plaintiffs in virtually the same position as the defendants. A finding of negligence on the part of one driver must necessarily result in a finding of negligence on the part of the other unless the jury completely disregards all the testimony and inferences (and bearing on the issue of contributory negligence), in favor of the defendants. *852 To so disregard such evidence and inferences in the face of this record would be arbitrary and unreasonable, and the record is devoid of any justification therefor.
"In any event, and notwithstanding the foregoing, this Court finds that the substantially undisputed testimony reflects that each of the drivers was negligent in this case as a matter of law. The evidence herein will not permit of any reasonable inferences to the contrary."
Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. The trial judge is authorized to grant such motion only if there is no evidence or reasonable inferences to support the opposing position. Hendricks v. Dailey, 208 So.2d 101 (Fla. 1968). The rules governing motions for judgments notwithstanding the verdict are substantially the same as those which guide the disposition of a motion for directed verdict. This Court in Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956) said:
"A party moving for a directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence."
See also Greer v. Thweatt, 202 So.2d 574 (Fla.App. 1st 1967).
In evaluating the facts as stated in the District Court opinion (209 So.2d 251), it is apparent that the defendants' automobile was to the plaintiffs' left and the plaintiffs' automobile was to the defendants' right. Fla. Stat. § 317.401(2), F.S.A. reads as follows:
"When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."
The plaintiff driver, having the right-of-way, could legally assume that the approaching motorist on the intersecting street would yield the right-of-way, as this Court has approved the following principle of law:
"A person operating a vehicle along a roadway in compliance with the law has a right to assume that the person operating a vehicle upon an intersecting street will observe the rules of the road, will obey the laws governing the operation of automobiles and that such approaching driver will exercise due care to avoid an accident, and he has a right to act upon this assumption; and if such motorist has the right-of-way under the law and circumstances of the case, he has the right to assume that the approaching motorist on the intersecting street will yield the right-of-way to him, and it would not be contributory negligence on his part to act on such assumption in proceeding into the intersection, unless and until he became aware of the fact that such right-of-way would not be given, and unless he then had a clear opportunity to act in such emergency to avoid the collision after the emergency arose." Kerr v. Caraway, 78 So.2d 571 (Fla. 1955).
Lloyd v. McKenna, 179 So.2d 583 (Fla. App.3d 1965) involved a collision at an unmarked intersection between a taxicab, in which plaintiff was a passenger, and an automobile driven by defendant McKenna. *853 Plaintiff joined the taxicab company as a defendant. The jury returned a verdict holding the cab company liable but exonerating defendant McKenna. On appeal the only point preserved for review was the failure of the trial court to direct a verdict in favor of plaintiff against McKenna because defendant McKenna admitted he did not see the cab approaching from the left. In affirming, the Court said:
"We find no error in the trial judge submitting these issues to the jury under the reasonable inferences to be drawn from the evidence. * * * To reverse, as urged by the appellant, would require a holding that a driver of a vehicle is negligent as a matter of law when he has his vehicle under control and traveling within the speed limit with the apparent right of way and enters an unmarked intersection because he fails to see a car which is on the wrong side of the road and approaching from the left."
A jury should determine what is or what is not negligence in a particular case where there are disputes or conflicts in the testimony, 18 F.L.P., Negligence, § 37, or where the facts are such that reasonable persons may fairly arrive at different conclusions. Rofer v. Jensen, 141 So.2d 791 (Fla.App.2d 1962); Sandford v. Firestone Tire & Rubber Co., 139 So.2d 916 (Fla. App.2d 1962).
Where the facts are undisputed and the evidence is reasonably susceptible of but a single inference, the question of defendant's negligence or plaintiff's contributory negligence becomes one of law for the court.
Nelson v. Ziegler, 89 So.2d 780 (Fla. 1956) was an action by a pedestrian for injuries sustained when struck by defendant's automobile while crossing a four-lane high-way. Defendant was proceeding near the center of the north-bound traffic lanes at a lawful rate of speed. Her lights were bright. She offered no explanation whatever for having failed to see the plaintiff, who, at the time, was fairly well "in his cups." Due to a condition diagnosed as "retrograde amnesia," plaintiff had no recollection of anything that had happened. The point where the vehicle struck plaintiff was approximately 21 feet from the curb. After hearing the evidence the trial court directed a verdict for defendant. This Court in its opinion described the trial judge's reasoning as follows:
"He stated that in his view defendant was driving at a legal rate of speed in a proper lane but that under the law `she was supposed to have seen him, or been able to see him or anyone else in her line of vision'. The judge also concluded that the appellant-plaintiff was obviously under the influence of intoxicants and `walked right out in the road in front of that car, either seeing it  or if he didn't see it he should have seen it.' He then stated his conclusion of law, that the evidence `shows both parties to be guilty of negligence, and under that neither one can recover.' He thereupon directed a verdict for the appellee-defendant and subsequently entered judgment pursuant to the verdict."
Upon appeal this Court held that the verdict was improperly directed for the defendant, saying:
"Our analysis of the instruction which the Judge gave to the jury as a basis for directing the verdict leads us to the conclusion that, * * * he applied an erroneous rule of law. He stated that in his view the plaintiff was negligent and also in his view the defendant was negligent and that since both parties were negligent, neither could recover. The correct rule applicable to the defense of contributory negligence is that only in those cases where negligence of a plaintiff proximately contributes to the cause of his own injury and damage will such negligence bar recovery. A plaintiff can be guilty of some negligence but unless it is negligence that proximately contributed to causing the injury, then the *854 negligence of the defendant, if established, remains the proximate cause and despite the fact that the plaintiff is guilty of some negligence, the defendant can still be held liable.
* * *
"We do hold that on the basis of the record now before us the questions were for determination by the jury rather than by the trial judge. If the jury had passed on this situation and had found in favor of the appellee under appropriate instructions, we seriously doubt that we could have found any basis for disputing their judgment. By the same token, there is an area of proof in this record that could properly justify a jury of reasonable men in arriving at a conclusion that the appellant's perilous position in the street would or should have been known to appellee in time for her to have avoided the injury if she had been keeping a proper lookout and therefore the sole proximate cause of the injury despite appellant's conduct could have been appellee's failure to maintain such lookout or her failure to avoid the injury if by the exercise of reasonable care and caution commensurate with all of the circumstances she could have avoided it.
* * *
"We are willing to concede that the decision is a close one but because of that fact and because, as pointed out above, reasonable men might well and properly draw different conclusions from the evidence and proper inferences suggested thereby, it is our view that the case shown by this record should have been passed upon by a jury."
Barr v. Mizrahi, 124 So.2d 508 (Fla.App.2d 1960) involved the collision of two automobiles at an unmarked intersection where the plaintiffs had an unobstructed view in the direction from which the defendants' vehicle was approaching. The jury found for plaintiffs and the defendants successfully moved for a judgment notwithstanding the verdict. The District Court of Appeal applied the rule stated in Nelson v. Ziegler, supra, reversed the trial judge and ordered that the jury verdict be reinstated.
In the case sub judice the jury, as reasonable men, drew conclusions and inferences from the evidence which differed from those of the trial judge. Although plaintiff driver could have been negligent, this is not, in itself, an absolute bar to recovery unless such negligence contributed to the proximate cause of the accident. The decision of the District Court of Appeal is in conflict with Nelson v. Ziegler, supra, and Kerr v. Caraway, supra, and should be quashed.
In passing, we might point out that the facts in Kokotoff v. Higman, 101 So.2d 166 (Fla.App.3d 1958) are materially different from the facts of this case. In the Kokotoff case the "side front parts" of the two cars met within a few feet of the center of the intersection. In the instant case not only was plaintiffs' vehicle past the center of the intersection when it was struck in the left rear by the defendants' vehicle, but the speed of the defendants' vehicle was in dispute.
For the reasons stated the decision of the District Court of Appeal is quashed and the cause is remanded with instructions that the cause be further remanded to the Circuit court with instructions that the verdict and final judgment for plaintiffs be reinstated.
ROBERTS, Acting C.J., DREW, CARLTON and BOYD, JJ., MANN, District Court Judge, and WILLIS, Circuit Judge, concur.