LILES, Acting Chief Judge.
This was an automobile negligence action tried by jury who found for appellants here. The case was originally appealed to this court at 209 So.2d 251. The Supreme Court of Florida at 229 So.2d 850 quashed this court’s opinion and remanded the cause with instructions to reinstate the verdict for plaintiff-appellants. The supreme court said:
“For the reasons stated the decision of the District Court of Appeal is quashed and the cause is remanded with instructions that the cause be further remanded to the Circuit court with instructions that the verdict and final judgment for plaintiffs be reinstated.”
Thereafter, appellees filed their petition for rehearing claiming that the opinion should be revised and remanded for hearing and ruling on their alternative motion for a new trial. This petition was denied by the supreme court and this court issued its mandate, saying:
“WHEREAS, the Mandate of the Supreme Court of Florida has now been lodged in this Court, it is therefore
“ORDERED and ADJUDGED that the judgment of this Court of April 5, 1968, is vacated and the opinion of the Supreme Court of Florida is herewith adopted and made the opinion and judgment of this Court and in accordance therewith the cause is remanded to the Circuit Court of Pinellas County, Florida, with directions that the verdict of the jury and final judgments for the Plaintiffs be reinstated.”
Upon receipt of the mandate the trial judge, instead of reinstating plaintiffs’ verdict as directed, granted appellees’ motion for a new trial and this appeal followed.
The question here is whether or not the trial court had the authority to grant the motion for a new trial or was he required to reinstate the plaintiffs’ verdict as di *698 rected by the supreme court’s and this court’s mandates.
We believe the trial court erred in granting appellees’ motion for a new trial and the only thing he could do was to reinstate plaintiffs’ verdict as directed by the mandates. See Rinker Materials Corporation v. Holloway Materials Corporation, Fla.App.1965, 175 So.2d 564; State ex rel. Mortgage Investment Foundation, Inc. v. Knott, Fla.1957, 97 So.2d 265.
Therefore the cause is remanded with directions to reinstate plaintiffs’ verdict.
PIERCE and MANN, JJ., concur.