DAYTON, O. L. (Ret.), Associate Judge.
Appellant Varnadoe, who was employed by appellee Dan B. Vincent Company, Inc., was performing work for appellee DeSoto Canning Co., Inc., under the latter’s contract with his employer aforesaid. He was severely injured while on the job and brings this suit alleging negligence against DeSoto Canning Co., Inc. DeSoto Canning Co., Inc., joined Dan B. Vincent Co., Inc., a third party action for indemnification of any damages for which it may be liable to Varnadoe and bases such third party action on unworkmanlike performance of the contract. The trial judge granted summary judgment in favor of the defendant-appellee DeSoto Canning Co., Inc., on two grounds, i. e., no negligence on the part of DeSoto Canning Co., Inc., and contributory negligence on the part of plaintiff-appellant. The third party defendant Dan B. Vincent Co., Inc., also moved for summary judgment but the trial judge, having ruled in favor of DeSoto Canning Co., Inc., considered the third party defendant’s motion for summary judgment as moot rather than ruling thereon on its merits.
A careful review of the record reveals that there are triable issues of material fact which cannot properly be resolved by summary judgment. The summary judgment entered herein is therefore error and the cause must be reversed for trial on such issues. See, e. g., Tynan v. Seaboard Coast Line Railroad Company (Fla.1971), 254 So.2d 209, and Torrence v. Sacred Heart Hospital (Fla.App.1971), 251 So.2d 899.
Since the trial judge considered the third party defendant’s motion for summary judgment as moot, as we have noted, there is nothing upon which we can rule with regard thereto. Upon remand we are certain that the able trial judge will fully consider the matter and enter an appropriate order as he may be advised.
HOBSON, A. C. J., and McNULTY, J., concur.