McNULTY, Judge.
The four year old plaintiff-appellant was seriously injured while playing with his nine year old brother in and about defendant-appellee’s unfenced concrete plant when the plant was closed for business on a Saturday afternoon. Plaintiff’s complaint was predicated on attractive nuisance and there was much evidence introduced in an effort to establish the requisites thereof. The trial judge directed a verdict in favor of defendant-appellee, however, finding that, “ . . . there had been no evidence adduced that was legally sufficient to support a verdict for the Plaintiffs, and that as a matter of law, there had been no evi *187 dence presented by the Plaintiffs upon which a jury could find the Defendant guilty of any actionable negligence.”
We are of the view that the evidence, considered in the light most favorable to plaintiff, presented jury questions as to whether, in the light of all the circumstances, an attractive nuisance existed in fact; if so, whether defendant-appellee was chargeable with knowledge thereof; whether defendant-appellee was indeed negligent in the premises; and whether plaintiff-appellant was capable or was guilty of contributory negligence. A directed verdict was therefore improper. See Fouraker v. Mullis (Fla.App.1960), 120 So.2d 808; and 23 Fla.Jur., Negl., § 63 et seq. Also, cf., Tynan v. Seaboard Coast Line Railroad Co. (Fla.1971), 254 So.2d 209.
Reversed.
PIERCE, C. J., and HOBSON, J., concur.