PARKER, Judge.
R. Bodden Coin-Op Laundry, Inc. (Bod-den) appeals a final judgment which was entered after a jury trial at which Bodden was only partially successful. Bodden is a Florida corporation engaged in the business of leasing space at condominiums, apartment complexes, mobile home parks, hotels, and motels and operating a coin-operated laundry business from the leased locations. Bodden entered into a lease with Brandyehase Condominium Association, Inc. (Brandyehase) for an initial term of five years, commencing in August 1982 and continuing through July 1987. The lease provided for an automatic renewal for an additional five-year term unless Bodden gave notice that it was not renewing the lease. The lease agreement provided that: “Neither party shall have the right to cancel this lease for default of the other, unless such default remains uncured for sixty days after notice in writing to such other party specifying the nature of the default. ...”
Bodden paid to Brandyehase an up-front payment and agreed to do certain improvements as consideration for the lease. Additionally, Bodden agreed to pay Brandy-chase fifty-five percent of the gross revenues derived from the operation of the laundry equipment as monthly rent.
The Board of Directors of Brandyehase approved the lease agreement, and Bodden installed twelve new washers and twelve new dryers. Bodden’s corporate representative testified that Bodden operated the *664 laundry rooms with little or no problems until January 1987, when the resident manager of the condominium association contacted Bodden and advised that the condominium management had been receiving many complaints about the equipment. Several witnesses at trial corroborated that there were problems with the washers and dryers which frequently took over a week to be repaired. The manager indicated to Bodden that the lease agreement was scheduled for renewal soon and that the association had an offer from another coin laundry company. Bodden advised Brandy-chase at that time that Bodden had an option to renew the lease for an additional five years. On January 31, 1987, following the directions of the Board of Directors, the resident manager sent written notice to Bodden that it would consider the lease in default unless Bodden resolved the problems with the laundry facilities. The resident manager testified that after January 1987 she called Bodden with complaints about the laundry facility at least three times a week and that her phone calls were never returned.
On March 2, 1987, Brandychase obtained a written bid from another coin-operated laundry company. On April 1, 1987, the resident manager sent Bodden a second notice, informing Bodden that its laundry services were to be terminated immediately. The letter instructed Bodden to remove its equipment within thirty days of receipt of the written notice.
On May 14, 1987, Bodden gave written notice to Brandychase that it intended to exercise its renewal option effective July 1987 and to extend the lease for an additional five-year term. On June 15, 1987, Brandychase entered into a laundry space lease with the other laundry company. On or about July 31, 1987, after Bodden failed to remove its equipment, Brandychase moved Bodden’s equipment to a warehouse, refusing to release it for a period of time, and dispossessed Bodden from the laundry rooms. When Bodden finally received its equipment, a washer was missing.
Bodden filed a five-count complaint against Brandychase. Count I was an action for breach of the lease agreement; count II was an action for unlawful entry and detainer; count III was an action for wrongful eviction; count IV was an action for trespass to real and personal property; and count V was an action for conversion of equipment.
A jury trial was held on Bodden’s claims and on Brandychase’s counterclaim against Bodden for breach of the lease agreement. At the conclusion of the testimony and evidence, Bodden made a motion for directed verdict as to counts II, III, and IV. The trial court granted the motion in favor of Bodden only as to count III (wrongful eviction).
Brandychase admitted in its closing argument that it entered and retook possession of the laundry rooms without legal process. At that time, counsel for Brandychase stated:
The Judge is going to t¡ell you that — that one thing we did do wrong is fail to file a lawsuit. And he’s going to tell you that as a matter of law we wrongfully removed our machines and took them out and we admitted that from the beginning.
The trial court submitted numerous interrogatories to the jury, which answered the interrogatories as follows:
CLAIM FOR WRONGFUL EVICTION
1.Please state the total amount of damages sustained by R. Bodden Coin-Op Laundry, Inc. as a result of the wrongful eviction of BrandyChase Condominium Association, Inc. $620 & ct. costs
UNLAWFUL ENTRY AND UNLAWFUL DETAINER
2. Did BrandyChase Condominium Association, Inc., within three years before the filing of this lawsuit, forcibly or unlawfully enter into and re-take possession of the laundry rooms from R. Bod-den Coin-Op Laundry, Inc. Yes _ No X
3. Did BrandyChase Condominium Association, Inc. wrongfully take posses *665 sion of the laundry rooms without the consent of R. Bodden Coin-Op Laundry, Inc., and does BrandyChase Condominium Association, Inc. continue to hold possession of the laundry rooms against the consent of R. Bodden Coin-Op Laundry, Inc.? Yes X No_
4. Does R. Bodden Coin-Op Laundry, Inc. have the right to possession of the laundry rooms? Yes _ No X
5. If you find that BrandyChase Condominium Association, Inc. unlawfully entered or detained the laundry rooms, please state the total amount of damages. $0
BREACH OF LEASE AGREEMENT
6. Did BrandyChase Condominium Association, Inc. breach the lease agreement with R. Bodden Coin-Op Laundry, Inc.? Yes_ No X If your answer is yes to the preceding question, please state the total amount of damages sustained by R. Bodden Coin-Op Laundry, Inc. as a result of the breach of the lease agreement. $0
TRESPASS
7. Did BrandyChase Condominium Association, Inc. commit a trespass to personal property? Yes X No _
8. Did BrandyChase Condominium Association, Inc. commit a trespass to real property? Yes_ No X
9. If your answer was yes to either of the preceding two questions, please state the total amount of damages sustained by the Plaintiff as a result of the trespass. $1000
10. Did Plaintiff, R. Bodden Coin-Op Laundry, Inc. breach its lease? Yes X No_
11. What is the total amount of damages sustained by Defendant, Brandy-Chase Condominium Association, Inc.? $0
Prior to the discharge of the jury, Bod-den’s counsel argued that the verdict was inconsistent and that the jury should be given the opportunity to reconsider its verdict. The court declined to resubmit the matter to the jury, and the trial judge discharged the jury. Bodden’s counsel then filed post-trial motions, arguing that the trial court erred in refusing to direct the verdict on the claims for unlawful entry and detainer and trespass to real property and further argued that the verdict was inconsistent.
We agree that the trial court erred in refusing to direct a verdict on the unlawful entry and detainer claim. This court, in a comprehensive discussion of an action for unlawful entry and detainer, stated:
The entry and detainer action is designed to compel the party out of actual possession, whether the real owner and as such entitled to ultimate right of possession, or not, to respect the actual present possession of another, wrongful though it might be, by requiring him, in order to obtain the possession he claims to be his, to resort to legal channels, such as a suit for ejectment, or trespass to try title, or removal of tenant proceedings under Sec. 83.20 et seq.
Floro v. Parker, 205 So.2d 363, 367 (Fla. 2d DCA 1967) (citations omitted) (emphasis in original). In the instant case, it is uncon-troverted that Bodden was in possession of the laundry rooms and that Brandychase, without legal process, retook possession. Brandychase does not dispute this fact but argues that the lease was canceled due to Bodden’s alleged breach of the lease. Whether or not Bodden’s possession was wrongful is irrelevant with respect to a claim for unlawful entry and detainer. See Floro, 205 So.2d at 367.
A directed verdict is proper when the evidence and all inferences therefrom considered in the light most favorable to the nonmoving party support the movant’s case as a matter of law, and there is no evidence to rebut it. Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 986 (Fla.1978). A review of the evidence presented at the trial of this matter reveals that this high standard was met, and the trial court erred in not directing a verdict for Bodden on its claim for unlawful entry and detain- *666 er. We, therefore, remand this case with directions to the trial judge to enter a verdict for Bodden on its claim for unlawful entry and detainer and for a new trial on the issue of damages for that claim only.*
We also agree with Bodden that the jury’s responses to interrogatories two through five were inconsistent; however, all of those interrogatories related to the claim for unlawful entry and detainer, the claim which we have found should not have been submitted to the jury for decision on the issue of liability. We do not view the remaining responses to the interrogatories as internally inconsistent or as being inconsistent with the directed verdicts on the wrongful eviction and unlawful entry and detainer claims.
Affirmed in part; reversed in part; remanded for proceedings consistent with this opinion.
HALL, A.C.J., and PATTERSON, J., concur.

 We note that the answer to interrogatory five could be interpreted as meaning that the jury found that Bodden was not damaged by Brandy-chase's unlawful entry and detainer. We, however, think that the jury found that Bodden should not prevail on that claim and, therefore, entered zero damages. In support of our interpretation, we note that the jury entered zero damages for Bodden’s claim that Brandychase breached the lease (interrogatory six) when it found no liability on that claim and also that there are mandatory statutory damages set forth in section 82.071, Florida Statutes (1987), which governs a claim for unlawful entry and detain-er.