662 So.2d 710 (1995)
COOPER HOTEL SERVICES, INC., d/b/a Holiday Inn, Appellant,
v.
Tobie MacFARLAND, Appellee.
No. 95-00128.
District Court of Appeal of Florida, Second District.
September 15, 1995.
Rehearing Denied October 19, 1995.
*711 Garry W. Miracle of Law Offices of J.A. Setchel, Tampa, for appellant.
Jay Cohen and Matthew D. Klein of Klein, Tannen & Cohen, P.A., Hollywood, for appellee.
WHATLEY, Judge.
The appellant, Cooper Hotel Services, Inc., challenges a final judgment entered in favor of the appellee, Tobie MacFarland, in this negligence action. Cooper Hotel contends the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict. We agree and reverse.
In May 1993, MacFarland sued Cooper Hotel for injuries she sustained when she slipped and fell in a bathtub while a guest at a Holiday Inn owned by Cooper Hotel. At trial, MacFarland testified that on the date in question, she turned on the shower in her hotel room bathtub, stepped into it, and proceeded to wash the front of her body. She explained that as she turned to wash the back of her body, she fell. She described the tub on that occasion as being "as slick as anything [she had] ever felt." Later in the proceeding, MacFarland introduced evidence showing that Cooper Hotel installed smooth-bottomed bathtub units in its Holiday Inn, though its own specifications for the hotel called for textured-bottomed tubs.
*712 At the close of all of the evidence, Cooper Hotel moved for a directed verdict. That motion was denied. Thereafter, the jury returned a verdict in the amount of $80,000, finding Cooper Hotel 50% negligent for MacFarland's injuries. Consistent with the jury's finding of MacFarland's 50% comparative negligence, a final judgment in the amount of $40,000 was entered against Cooper Hotel. Upon the denial of its motion for judgment notwithstanding the verdict, Cooper Hotel filed a timely notice of appeal.
Cooper Hotel now argues that the evidence adduced at trial failed to establish that it breached a duty of care it owed to MacFarland. For that reason, Cooper Hotel contends MacFarland failed to prove her case of negligence and that there was, thus, insufficient evidence to support the jury's verdict.
In considering a motion for directed verdict, "all inferences of fact should be construed most strictly in favor of the non-moving party." Chrysler Airtemp v. Stevens, 346 So.2d 1236, 1238 (Fla. 2d DCA 1977). See also R. Bodden Coin-Op Laundry, Inc. v. Brandychase Condominium Ass'n, 557 So.2d 663 (Fla. 2d DCA 1990). The same is true with respect to a motion for judgment notwithstanding the verdict. Stirling v. Sapp, 229 So.2d 850, 852 (Fla. 1969); and cases cited therein. In fact, "[t]he rules governing a posttrial motion for judgment in accordance with a previous motion for directed verdict are the same as a motion for directed verdict at the close of the evidence," in that all evidence adduced at trial must be considered. Greene v. Flewelling, 366 So.2d 777, 779 (Fla. 2d DCA 1978). See also McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992). "Motions for judgment notwithstanding the verdict, like motions for directed verdict, should be resolved with extreme caution." Stirling, 229 So.2d at 852. See also Chrysler Airtemp; Belden v. Lynch, 126 So.2d 578 (Fla. 2d DCA 1961). A "trial judge [however] is authorized to grant such motion[s] [where] there is no evidence or reasonable inferences to support the opposing position." Stirling, 229 So.2d at 852. In the instant case, there was no evidence or reasonable inferences to support MacFarland's claim of negligence.
To sustain a cause of action for negligence, the burden of proof is on the plaintiff to establish that: (1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages. See Lake Parker Mall, Inc. v. Carson, 327 So.2d 121, 123 (Fla. 2d DCA 1976). To establish a breach, the plaintiff must show that the defendant failed to maintain its property in a reasonably safe condition, or that it failed to warn the plaintiff of a concealed peril of which it either knew or should have known and which could not have been discovered by the plaintiff through the exercise of ordinary care. Spadafora v. Carlo, 569 So.2d 1329, 1330 (Fla. 2d DCA 1990). "Negligence [however] may not be inferred from the mere happening of an accident alone." Belden, 126 So.2d at 581. See also East Bay Raceway v. Parham, 497 So.2d 719, 720 (Fla. 2d DCA 1986). Where the facts of a case are undisputed and the evidence ultimately leads to but one conclusion, the question of negligence becomes one of law for the trial court. Stirling, 229 So.2d at 853.
In the instant case, the undisputed facts are that MacFarland fell and was injured in her hotel room bathtub; that Cooper Hotel's specifications for the construction of the hotel called for textured-bottomed tubs; and that inquiries made by hotel architects as to tubs that would meet specifications, resulted in the installation of smooth-bottomed tubs. The record shows that in response to the architects' inquiries, the manufacturer in fact recommended the smooth-bottomed tubs at issue, contending that the materials out of which they were made met all non-slip and other safety requirements, yet had the additional benefit of being easy to clean. The manufacturer also indicated that such units were the bathtubs of choice of several major hotel chains with the same safety concerns as Cooper Hotel. The evidence further showed that more than 300,000 showers had been taken without incident in the bathtubs at the Holiday Inn involved herein; that MacFarland, herself, had previously showered in safety in such tubs upon an earlier stay at *713 the same Holiday Inn; and that the only two other reported incidents bearing any remote connection with the bathtubs on the same Holiday Inn premises were dissimilar to the one at bar.
It is undisputed that Cooper Hotel, as an innkeeper, is required to "use ordinary care to keep [its] premises in a reasonably safe condition so that [its] guests may use them in the ordinary and reasonable way without danger." Miller v. Shull, 48 So.2d 521, 522 (Fla. 1950). See also Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 493 (Fla. 1983). It is common knowledge, however, "that a small amount of water in the bottom of a bathtub creates a slippery condition." Miller v. Shull, 48 So.2d at 522.
In the instant case, the record is devoid of evidence  expert or otherwise  to establish that Cooper Hotel breached its duty of care to MacFarland. MacFarland made no showing that Cooper Hotel failed to make diligent inquiries to secure proper tubs for its hotel establishment; that the smooth-bottomed tubs installed failed to meet the non-slip specifications required; that smooth-bottomed tubs do not or cannot offer the same non-slip performance as textured tubs regardless of the materials they are made of; that Cooper Hotel failed to properly maintain the tub in which MacFarland fell; that the tub was, otherwise, unreasonably dangerous; or that Cooper Hotel failed to warn MacFarland of a concealed peril of which it knew or should have known.
To the contrary, MacFarland showed only that she safely stepped into the tub while the water was running, washed the front of her body, and fell upon turning around. Viewed in the light most favorable to her, such evidence shows only that at some point during the course of her shower, the tub became slippery. The evidence, however, does not establish why.
Based on the foregoing, MacFarland failed to establish a prima facie case of negligence. We therefore conclude, as a matter of law, that a verdict should have been directed in favor of Cooper Hotel at the close of the evidence. This cause is, thus, remanded to the trial court with directions to set aside the jury verdict and to enter judgment for Cooper Hotel notwithstanding the verdict.
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND, J., concur.