PER CURIAM.
This is an appeal from a final judgment after the trial court had directed a verdict in favor of the defendants in a damage suit involving a child being struck by or running into an automobile.
Briefly, the defendant driver of the automobile was 16 years of age. He was driving home from school. A friend of his was driving about the same time, but there seems to be some doubt in the defendant’s mind as to whether his friend was in front of him, by him, or just where he was. He was driving about 35 miles per hour or slower when the accident occurred. The skidmarks of defendant-driver’s car were visible and measured. The driver testified that he saw the child or girl standing on the left (south) side of the four-laned highway before the accident. He did not see her again until about a second before the impact. There were no eye-witnesses available to testify as to speed, other than the defendant-driver.
The child’s father was almost a witness to the accident. He heard the brakes scream and saw his daughter bounce off the car and then ran to her and took her off the road. He also testified about the skidmarks, but he could not determine the speed. Plaintiff attempted to rebut the testimony of the defendant-driver as to speed by using an engineer as an expert-witness to estimate the minimum speed at which the car had to be going to lay down the size and length of the skidmarks that were in evidence. The trial court admitted that there was “no dispute about the expertness and the quality and ability of Mr. Coloney . . .” Mr. Coloney was the plaintiff’s expert witness. The plaintiff’s counsel attempted to get from the expert-witness his opinion as to speed, predicated on a hypothetical question. The trial court refused to allow the expert to testify as to speed on the ground that a proper predicate had not been made.
At the end of plaintiff’s case, the trial court granted the motion of the defendants for a directed verdict. Hence, this appeal after a motion for a new trial was denied.
The assignments of error emphasize the refusal to allow the plaintiff’s expert-witness to testify as to the speed which defendant’s auto was travelling.
 It appears to us that the plaintiff had properly laid the predicate for the hypothetical question to be propounded to the expert witness. Plaintiff’s counsel tried to include in such predicate all objections raised by defense counsel, as well as those raised by the trial court, and we are of the opinion, and so hold, that the'proper predicate had been made upon which the expert-witness could have testified as to his opinion of the speed in which the defendant’s car was travelling. The question of how much weight the testimony would have was a jury question, and the trial court committed error in refusing to permit the expert’s testimony. This error was prejudicial to the plaintiff’s case.
There are other assignments of error but we do not need to consider the same since this case will be remanded for a new trial.
The judgment appealed is reversed, and this matter is remanded for a new trial not in conflict with the opinion in this case.
Reversed and remanded.
WIGGINTON, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.