291 So.2d 54 (1974)
Freda BORANDI, Appellant,
v.
ST. ANTHONY'S HOSPITAL, INC., Appellee.
No. 72-992.
District Court of Appeal of Florida. Second District.
February 20, 1974.
Rehearing Denied March 26, 1974.
Kiernan & Reams, St. Petersburg, for appellant.
John T. Allen, Jr. and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellee.
HOBSON, Judge.
Appellant appeals a final judgment in the amount of $1,000 on the ground that the verdict, in the light of the evidence, was inadequate.
Appellant, while a patient in appellee's hospital, fell and fractured her right kneecap. The uncontradicted amount of loss of earnings attributable to the knee injury was in the approximate amount of $1,500. The appellant testified as to pain and suffering which was supported by the medical testimony. There was also uncontradicted medical testimony that the appellant sustained a 15% permanent impairment of her right lower extremity.
The appellant was suffering from a detached retina which was the subject of an operation at the same time as the surgery was performed on her right knee. Therefore, the entire amount of the medical expenses were not attributable solely to the injury to her knee but certainly some part thereof was occasioned by such injury.
Appellant moved for a new trial on the issue of damages only which was denied. Appellee made no motion for a new trial on the issue of liability nor has it filed cross assignments of error.
Our Supreme Court in Griffis v. Hill, 230 So.2d 143, Fla. 1969, laid down the test of the adequacy of a verdict as follows:
"The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict."
In view of the uncontradicted evidence pertaining to damages in this record, we hold that the verdict of the jury is clearly and grossly inadequate.
*55 As appellee filed no motion for a new trial on the issue of liability nor cross assignments of error, we reverse and remand for a new trial on the issue of damages only. Meana v. St. Petersburg Kennel Club, Inc., 279 So.2d 329, Fla.App.2d 1973.
Reversed and remanded with directions.
MANN, C.J., and McNULTY, J., concur.