353 So.2d 1190 (1977)
Steven J. PERENIC and United Services Automobile Association, Appellants,
v.
Dorothy J. CASTELLI and Frank T. Castelli, Her Husband, Appellees.
No. 76-1727.
District Court of Appeal of Florida, Fourth District.
December 6, 1977.
Rehearing Denied February 2, 1978.
*1191 David R. Miller and Barbara Kane of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellants.
James M. Campbell of the Law Offices of J. Russell Hornsby, Orlando, for appellees.
MILLER, ROBERT P., Associate Judge.
In this appeal Appellant, defendant below, seeks review of the trial court's order granting a new trial on the issue of damages.
The case below involved a suit for damages resulting from a collision between the respective parties' motor vehicles. The jury found the Appellant, Perenic, 100% at fault and granted a verdict in the amount of $2,000.00 to the injured Appellee, Dorothy J. Castelli, and a verdict in the amount of $2,000.00 for her husband on his derivative claim. The Order Granting a New Trial reads in part as follows:
"ORDER GRANTING NEW TRIAL
.....
First, as to the issue of liability, it is clear from the testimony taken at trial and the verdict of the jury that the issue of liability should not be disturbed as it is supported by the greater weight of the evidence.
Secondly, the verdict is so grossly inadequate in the award of damages in the amount of $2,000 to Plaintiff, DOROTHY J. CASTELLI and $2,000 to the Plaintiff, FRANK T. CASTELLI, that it shocks the conscience of the Court. The evidence shows that the Plaintiff, DOROTHY J. CASTELLI, was physically ill and there was testimony from Dr. Raul Montes giving the Plaintiff, DOROTHY J. CASTELLI 3% to 5% permanent disability. Dr. James Carter was of the opinion, within a reasonable degree of medical certainty that it would take six months to one year from June 8, 1976, before the Plaintiff, DOROTHY J. CASTELLI, would recover. The Court finds from the greater weight of the evidence that the Plaintiff, DOROTHY J. CASTELLI, received an acute cervicle (sic) lumbar strain which, as of the date of the trial, had not reached maximum medical improvement. The Court finds that the Plaintiff, DOROTHY J. CASTELLI, had a disease known as scleroderma which was not caused by the accident. However, according to the medical testimony, sometimes trauma seems to increase the symptomatology due to the disease and it is also a well known fact that people with collagen disease do not tolerate trauma very well. The evidence shows that the Plaintiff, DOROTHY J. CASTELLI, did receive medical attention while in Jess Parrish Memorial Hospital. In other words, the amount of the verdict shocks the judicial conscience and is against the manifest weight of the evidence on the issue of damages.
Our Supreme Court in Griffis v. Hill, 230 So.2d 143 (S.C.Fla. 1969) laid down the test of the adequacy of a verdict as follows: `The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have rendered the verdict.' In view of the uncontradicted *1192 evidence pertaining to damages in this record, this Court holds that the verdict of the jury is clearly and grossly inadequate. Borandi vs. St. Anthony's Hospital, Inc., 291 So.2d 54."
This court is well aware that a trial judge is accorded a broad discretion in such matters. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). Nevertheless such an order may be reviewed on the record for the purpose of ascertaining whether the exercise of judicial discretion implicit in the order has been abused. If this abuse of discretion is apparent from the record then the order of the trial judge in an appropriate appellate proceeding may be, and should be, set aside. Russo v. Clark, 147 So.2d 1 (Fla. 1962).
We have reviewed the record, and the evidence is conflicting as to the extent of Appellee's injuries and damages. Also, matters involving the credibility of Appellee were considered by the jury. One thing is certain, Appellee, Mrs. Castelli, suffers from scleroderma, a serious and incurable disease involving the connective tissues. It is further certain that this disease was not caused by the accident. The medical expense relating to the accident was approximately $1,000.00.
Three doctors testified at the trial and their testimony conflicted as to material facts. Dr. Montes, an orthopedic surgeon who had seen her on four occasions, testified she was permanently injured. Dr. Chastain, an internist and her treating physician since 1969, testified she was not permanently injured as a result of the accident. Dr. Carter, another orthopedic surgeon who examined Mrs. Castelli on one occasion, said he thought she would be all right, as far as her injuries in the accident were concerned, in six to twelve months.
It is apparent from the trial judge's order that he chose to believe Dr. Montes over Dr. Chastain; that he weighed the evidence and found that the greater weight of the evidence supported many facts in favor of Appellee; and that he found the evidence on damages to be "uncontradicted."
We find from the record that the facts found by the lower court were not proven by "uncontradicted" evidence, and the finding by the lower court in that regard is erroneous. The weight to be given conflicting evidence, especially where the credibility of the witnesses is an issue, is a question for the jury and never one for the court. To allow the court to invade this province of the jury would violate the right to a jury trial. The only exception to this rule should be where the verdict is contrary to the manifest weight of the evidence. This by definition can exist only where the evidence is clear, obvious, and indisputable. The evidence in this case does not meet that criteria.
We find that the record of the trial below clearly shows that the evidence is conflicting as to damages and that the verdict was not against the manifest weight of the evidence and that therefore a clear showing of abuse of the trial court's discretion has been made by Appellant.
For the reasons stated, the Order Granting New Trial is reversed, and this cause is remanded with direction to enter judgment in accordance with the jury verdict.
REVERSED and REMANDED with direction.
ALDERMAN, C.J., concurs.
CROSS, J., dissents, without opinion.