352 So.2d 589 (1977)
Patrick B. MOORE and Allstate Insurance Company, a Foreign Corporation, Petitioners,
v.
HUNTINGTON NATIONAL BANK OF COLUMBUS, Executor of the Estate of Jack L. Scott, Deceased for the Benefit of Ludie A. Scott, Surviving Wife, Jill A. Scott, Surviving Daughter, Jeffrey K. Scott, Surviving Son, and Jerry L. Scott, Surviving Son, Respondents.
No. 77-1100.
District Court of Appeal of Florida, Third District.
December 6, 1977.
*590 Adams, George, Schulte & Ward and Amy Shield Levine, Miami, for petitioners.
Lewis S. Eidson, Jr. and Mike S. Eidson, Miami, Gladson, Knecht & Sullivan, Coral Gables, Hawkesworth, Schmick, Ponzoli & Wassenberg, Petersen & Feder, Miami, for respondents.
Before HENDRY, C.J., and HUBBART and KEHOE, JJ.
HUBBART, Judge.
This case is a petition for writ of certiorari to review a pretrial circuit court order barring the defendants Partrick Moore and his insurer Allstate Insurance Co. from calling a particular witness at trial as an accident reconstruction expert in a wrongful death action. Specifically, the trial judge in his order excluded the expert witness from testifying because in the judge's opinion the witness "has in other cases where he has testified as an expert witness been more of an advocate than a witness . ." The plaintiff Huntington National Bank, as executor for the estate of the deceased Jack L. Scott, did not request the order in the trial court and has filed no brief before this court. The trial judge entered the order on his own motion.
The issue presented for review is whether a trial court may properly enter an order barring a party from calling an expert witness at trial on the ground that, in the opinion of the trial court, the witness is biased. We hold that such an order constitutes a departure from the essential requirements of law because it is the exclusive province of the jury, not the trial court, to pass upon the credibility of a witness. Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Tooley v. Margulies, 79 So.2d 421 (Fla. 1955); Daniel v. Rogers, 72 So.2d 391 (Fla. 1954); Williams v. Puleo, 70 So.2d 290 (Fla. 1954). As such, the trial court had no authority to exclude the expert witness herein from testifying at trial on grounds other than the witness' lack of qualifications as an expert in accident reconstruction. Upchurch v. Barnes, 197 So.2d 26, 28-29 (Fla. 4th DCA 1967). No such showing or finding was ever made in this case.
Our decision today in no way precludes the trial judge from passing upon the expert qualifications of the witness herein at the time of trial, a matter in which the judge has wide discretion. Central Hardware Co. v. Stampler, 180 So.2d 205 (Fla. 3d DCA 1965). It is clearly the province of the trial court to initially determine whether such witness has acquired special knowledge in the field of accident reconstruction either by study of recognized authorities on the subject or by special traffic experience in order to be able to express his opinion before the jury on the facts or issues involved. Upchurch v. Barnes, 197 So.2d 26, 28 (Fla. 4th DCA 1967). We only conclude that the witness herein may not be excluded from testifying at trial because, in the opinion of the trial court, the witness is biased. That is a matter which is within the exclusive province of the jury to determine.
The petition for writ of certiorari is granted and the order under review is hereby quashed.