HOBSON, Acting Chief Judge.
Appellant Barry Wayne Harper appeals from a final order granting appellees’ motion for a new trial. The issue before us is whether the trial judge abused his discretion in so ordering. We hold that the judge did abuse his discretion under the facts of this case and, therefore, reverse the final order and reinstate the jury verdict in favor of appellant Harper.
The record discloses the following facts:
Barry Harper was playing pool in the Saratoga Bar in Tampa when a man approached the bartender and stated that he had a gun. As the robber began rifling the cash register, the bartender managed to slip out the front door and notified a nearby police officer. Officer Alvarez entered the front door of the bar with his gun drawn as the robber ran for the back door at the opposite end of the room. Both Alvarez and the robber shouted warnings for the dozen or more patrons in the bar to get down out of the line of fire. Harper and a companion crouched near the pool table situated between the officer and the robber.
All eyewitnesses testified that Harper remained in a crouched position from the time of the warning until he was struck by a bullet fired from Officer Alvarez’s gun. Officer Alvarez stated that he never thought Harper was a part of the robbery and was not distracted by any possible movement on Harper’s part. Harper testified that he remained still until he thought the area was safe and was just beginning to stand up when he was shot.
Harper filed his complaint alleging that he was shot and permanently injured due to the negligence of an officer employed by the City of Tampa. The City raised the affirmative defense of comparative negligence, contending that appellant himself was guilty of negligence in standing up after warnings to stay on the floor out of the line of fire. The trial resulted in a plaintiff’s verdict but with the finding that Harper was zero percent negligent and the City of Tampa was thirty-seven percent negligent. After instructions by the trial judge to the effect that the total negligence had to equal one-hundred percent, the jury returned with a finding of one-hundred percent negligence on the part of the City and again zero percent negligence attributed to Harper.
*1386 In the final order granting a new trial the judge stated:
. . . It is the opinion of the Court that the verdict of the jury is against the manifest weight of the evidence — this is particularly true as to the jury’s finding of zero negligence on the part of the Plaintiff.
We are guided in our decision by the admonitions of the Supreme Court in Cloud v. Fallis, 110 So.2d 669 (Fla.1959). In that case the court declared that a motion for new trial is “directed to the sound, broad discretion of the trial judge . . . and should not be disturbed in the absence of a clear showing that it has been abused.”
With this standard in mind, we look to the final order which sets out the reason for granting a new trial — “ . . . the jury’s finding of zero negligence on the part of the Plaintiff.” We have carefully reviewed the entire record and find that there is overwhelming evidence to show that appellant’s conduct was not a factor in his injury. Officer Alvarez stated that he had his “eye on the robber” in any event and did not notice appellant at all. All eyewitness accounts absolved appellant from any fault in the unfortunate incident. The jury weighed and evaluated the witnesses’ testimony, including appellant’s, and found that he was zero percent negligent; a decision we find quite logical and consistent with all the evidence. The trial judge evaluated the same evidence and granted a new trial because he attributed some degree of negligence to appellant.
This is the abuse of discretion that we cannot allow to stand. We concur in the decision of the District Court in Parenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1978), in which Judge Miller stated:
The weight to be given conflicting evidence, especially where the credibility of the witnesses is an issue, is a question for the jury and never one for the court. To allow the court to invade this province of the jury would violate the right to a jury trial. The only exception to this rule should be where the verdict is contrary to the manifest weight of the evidence. This by definition can exist only where the evidence is clear, obvious, and indisputable.
For the reasons stated, we reverse the order granting new trial and remand this cause with direction to enter judgment in accordance with the jury verdict.
REVERSED and REMANDED with directions.
SCHEB and OTT, JJ., concur.