449 So.2d 958 (1984)
Nicholas Roman KASHINO and Mary Kashino, Appellants,
v.
John A. MORELL, Gwen J. Morell and West American Insurance Company, Appellees.
John A. MORELL, Gwen J. Morell and West American Insurance Company, Appellants/Cross Appellees,
v.
Nicholas Gerard KASHINO, Appellee/Cross Appellant.
Nos. 83-424, 83-453.
District Court of Appeal of Florida, Fourth District.
May 9, 1984.
*959 Milton Philip Shafran of Lavender & Shafran, Fort Lauderdale, for appellants and appellee/cross appellant.
Richard S. Zaifert, Fort Lauderdale, and Val L. Osinski, Coral Springs, for appellees and appellants/cross appellees.
WALDEN, Judge.
There was an alleged rear-end collision between two vehicles with resulting jury trial. Plaintiff, Nicholas Roman Kashino, was the operator of the front vehicle. Defendant, John Morell, was the operator of the rear vehicle. Kashino testified that his car was struck in the rear by the Morell automobile. Morell denied ever having come in contact with the Kashino automobile. Each side produced corroborating witnesses. Thus, there was a basic conflict in the testimony leaving a jury issue as to witness credibility and whom to believe as to whether or not the collision actually occurred. In addition, there was an issue as to whether the injuries claimed came as a consequence of the collision.
The jury exonerated Morell and, in its special interrogatory verdict, found that Kashino did not suffer the claimed injuries as a result of the accident. Interpreting, the jury found either that the collision did not happen, or that the claimed injuries were not caused by the collision.
The trial court granted Nicholas Gerard Kashino a new trial. Morell appeals. We reverse.
A review of the record reveals several salient points.
A. The trial court granted the new trial solely because the trial judge thought that Morell had lied  committed perjury  in his testimony. This was based on a comparison between it and the content of an inadmissible police accident report.
B. The new trial was specifically not based on a finding that the verdict was contrary to the manifest weight of the evidence. Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981).
C. Post trial, the trial court found probable cause to ask the State Attorney to investigate into whether or not Morell perjured himself. The record is silent as to what, if anything, subsequently occurred with reference to such investigation.
D. Post trial, the trial court cited Morell for direct criminal contempt on the ground that Morell had committed perjury in his trial testimony. Thereafter, upon trial of the issue, the trial court acquitted Morell or found him not guilty of perjury.
Without in anyway denigrating the need for truth before the jury, we feel that the trial court abused its discretion here in granting a new trial based upon its subjective feeling that Morell had lied to the jury. We feel that the better course and better rule was expressed in Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla. 1978):
The weight to be given conflicting evidence, especially where the credibility of the witnesses is an issue, is a question for the jury and never one for the court. To allow the court to invade this province of the jury would violate the right to a jury trial. The only exception to this *960 rule should be where the verdict is contrary to the manifest weight of the evidence. This by definition can exist only where the evidence is clear, obvious, and indisputable.
To be sure, the court is not without recourse in the event the court, short of finding that the verdict is contrary to the manifest weight of the evidence, feels that a witness has committed perjury during the course of a trial. It can cite the witness for contempt for interfering with the administration of justice by lying to the jury. It can refer the matter to the State's attorney. It can grant relief from judgment, based upon an appropriate finding, under the provision of Rule 1.540(b)(3), Florida Rules of Civil Procedure.
We reverse the order granting Nicholas Gerard Kashino a new trial. The remaining appellate points are without merit.
Affirmed in part; reversed in part; and remanded.
GLICKSTEIN, J., and DAUKSCH, JAMES C., Associate Judge, concur.