BASKIN, Judge.
By petition for writ of certiorari Walt-man and Cohen seek review of the .trial court’s order granting a new trial. We have jurisdiction. See Jones v. Knuck, 388 So.2d 328 (Fla. 3d DCA 1980); Robinson v. Gale, 380 So.2d 513 (Fla. 3d DCA 1980).
We grant the petition for writ of certio-rari and quash the order under review upon a holding that the trial court’s order granting a new trial constitutes an unauthorized deviation from this court’s mandate issued in a prior appeal in this cause, Waltman v. Prime Motor Inns, Inc., 446 So.2d 185 (Fla. 3d DCA 1984) (Waltman I). In Walt-man I, this court directed the trial court to reinstate jury verdicts in favor of petitioners Waltman and Cohen. Upon remand, Prime Motor Inns, Inc. (Prime) obtained a ruling on an alternative motion for new trial which had been rendered moot by the trial court’s grant of a directed verdict. Prime neither requested nor received permission from this court to revisit previously filed motions. The trial court lacked authority to deviate from our mandate by *121 granting the motion for new trial. It was limited by our direction to the task of reinstating the verdicts. See Robinson; Stirling v. Sapp, 238 So.2d 697 (Fla. 2d DCA 1970). Cf. Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981) (trial court may rule upon earlier motion for new trial where appellate court specifically directs trial court to do so upon remand).
The order under review is quashed and the cause remanded to the trial court with directions to reinstate the jury verdicts in accordance with our prior mandate.