HERSEY, Chief Judge.
This is an appeal from an order granting a new trial on both liability and damages. The trial court, referring to specific examples of contradictory testimony and evidence, based its determination to grant a new trial on the fact that the discrepancy between the amount of damages sought ($21,560) and the amount awarded ($26,000) could only be explained by the jury’s passion, prejudice or sympathy for appellant. We reverse.
A motion for new trial is addressed to the sound, broad discretion of the trial court. Cloud v. Fallis, 110 So.2d 669 (Fla.1959). An order granting a motion for new trial will not be disturbed on appeal except upon a clear showing of abuse of discretion. Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA 1985).
Granting a motion for new trial is appropriate where the verdict is against the manifest weight of the evidence. This occurs where the jury “has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record....” and it is then the duty of the trial court to grant a new trial. Cloud, 110 So.2d at 673.
Commenting on the evidence here, the trial court referred only to contradictions in testimony as to the issue of damages. The issues of liability were clearly factual for the jury. Under such circumstances granting a new trial on all issues is error. Taylor v. Ganas, 443 So.2d 251 (Fla. 1st DCA 1983); E.T. Legg & Associates, Ltd. v. Shamrock Auto Rentals, Inc., 386 So.2d 1273 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1379 (Fla.1981). See also Gould v. National Bank of Florida, *51 421 So.2d 798, 802 (Fla. 3d DCA 1982) (“where the error is only that the damages awarded are excessive it is not proper to retry the issue of liability: remittitur or new trial on damages is the remedy”). We therefore reverse the order granting a new trial on liability.
The evidence propounded by appellant in support of his claim for damages was somewhat confusing and in one instance contradictory. However, appellant abandoned his effort to recover for that element of damage as to which the evidence was conflicting. With reference to the remaining elements of damage, contradictions in the evidence did not go to the amount of damages but rather to when and how they were incurred.
In his closing argument appellant requested damages in the amount of $21,560, and there was evidentiary support for that amount. The trial court should have granted, alternatively, remittitur or a new trial confined to the issue of damages. On remand the trial court is directed to make these alternatives available to appellant.
Because the order granting appellees’ motion for new trial fails to meet the test of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978), we reverse and remand for entry of an appropriate order and for such further proceedings as may be necessary.
REVERSED AND REMANDED WITH DIRECTIONS.
HURLEY and DELL, JJ., concur.