PER CURIAM.
This was a suit for personal injuries resulting from a three vehicular collision. The evidence was in conflict as to the sequence of events, the manner in which the collision(s) occurred, and fault generally. The accident occurred in 1981 and there were inconsistencies ip the testimony of key witnesses during the six day trial that took place in 1985.
The jury returned a verdict in favor of the defendants. The trial court granted a new trial saying the verdict was contrary to the manifest weight of the evidence because:
a. There were sharp inconsistencies in the defendants’ various statements.
b. The physical evidence strongly supports the plaintiffs’ view of what happened and the plaintiffs’ expert was quite credible.
c. The defendants’ expert, Moss, testified he relied upon what he was shown at the scene by Trooper Floyd. Yet, what he testified he was shown by Floyd differed sharply from Floyd’s own courtroom description of what was observed.
Defendants appeal. We reverse and remand with instructions to enter judgment based upon the jury’s verdict.
Upon review, with particular reference to the three stated reasons for overruling the verdict, it is clear that the trial judge constituted himself as a seventh juror and impermissibly gauged the credibility of the witnesses and assessed the weight to be given the evidence. There was sufficient competent evidence to support the verdict and it should not have been nullified even though the trial court obviously thought the plaintiff should have prevailed. We reverse upon authority of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Kashino v. Morell, 449 So.2d 958 (Fla. 4th DCA 1984); and Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla.1978).
Reversed and Remanded with instructions.
HERSEY, C.J., WALDEN, J., and WEBSTER, PETER D., Associate Judge, concur.