WALDEN, Judge,
dissenting.
The determinative issue in this suit for personal injuries was whether the complainant suffered the claimed damages in this particular vehicular accident or whether such injuries predated this occurrence.
The jury returned a zero verdict, thereby choosing to find no damages were proven to have been caused by this accident, liability having been admitted.
At trial the complainant was repeatedly impeached as concerns her injuries and how and when they occurred. It was manifest that she lied to the jury and to the medical experts that testified for her. Regardless, the trial judge granted a new trial, which ruling I believe to be error.
A trial judge can only set aside a verdict and order a new trial if: (1) the verdict was against the manifest weight of the evidence; and (2) the verdict is based upon passion, prejudice, sympathy or some other consideration outside of the evidence. Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981); Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. den., 359 So.2d 1221 (Fla.1978); and Hubbard v. Brown, 262 So.2d 267 (Fla. 2d DCA 1972). A verdict contrary to the manifest weight of the evidence exists only where the evidence is clear, obvious and indisputable. Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. den., 359 So.2d 1211 (Fla.1978); and Kashino v. Morell, 449 So.2d 958 (Fla. 4th DCA 1984).
However, a trial judge can not act as the seventh juror with veto power. Ford; and Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). Thus, the setting aside a verdict must be supported by the record or there must be an independent determination that the jury was influenced by considerations outside the record. Wackenhut Corp. The trial judge must give express reasons which will support his finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the *660 record. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980). I do not think this was satisfactorily done here.
As to the credibility of the witness, it is within the exclusive province of the jury in a jury trial, and the trial court cannot substitute its judgment for that of the jury. Moore v. Huntington National Bank of Columbus, 352 So.2d 589 (Fla. 3rd DCA 1977); Waters v. Wainwright, 316 So.2d 588 (Fla. 4th DCA 1975); and Reed By and Through Lawrence v. Bowen, 503 So.2d 1265 (Fla. 2d DCA 1986). The trial judge does have the responsibility to determine whether the witness is qualified to be an expert witness, so that he can express an opinion to the jury. However, once the trial judge concludes that the witness is qualified as an expert, the credibility of this expert witness is within the sole province of the jury. Moore.
A jury, being vested with the duty of determining the credibility of a witness, may disregard all of the testimony of the witness, if they find that the witness has willfully testified falsely as to any material matter. This is derived from the common-law maxim “falsus in uno, falsus in omnibus”. Anthony v. Douglas, 201 So.2d 917 (Fla. 4th DCA 1967), cert. den., 210 So.2d 222 (Fla.1968). A jury may also accept or reject the testimony of any expert witness. This is especially true when the facts sought to be proved by expert testimony are within the ordinary experience of the members of the jury. Shaw v. Puleo, 159 So.2d 641 (Fla.1964).
From my view, the able trial judge simply disagreed with the jury’s assessment of the complainant’s credibility and, therefore, vetoed the verdict and substituted his judgment.
I would reverse and remand with instructions to reinstate the verdict.
ON MOTION TO CERTIFY
BY ORDER OF THE COURT:
ORDERED that Appellants’ August 20, 1987 motion for rehearing is denied.
ORDERED that Appellants’ August 20, 1987 Motion to Certify is granted. The following question is certified to the Supreme Court of Florida:
WHETHER THE REASONABLE MAN STANDARD, AS SET FORTH IN BAPTIST MEMORIAL HOSPITAL v. BELL, APPLIES TO THE TRIAL COURT’S DETERMINATION THAT THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, OR RATHER TO ITS PERCEPTION OF THE EVIDENCE?