TOBIN, DAVID L., Associate Judge.
This is an appeal from an order granting a new trial in a personal injury action in which final judgment was entered in favor of appellant. Appellee filed a motion for a new trial which was granted by the trial court and from which appellant now appeals.
The trial court stated three reasons for granting appellee’s motion. The first involved the production of a prelitigation file from which appellant obtained alleged privileged information. The trial court failed to conduct an in camera inspection of the file as required by section 119.07(2)(b), Florida Statutes (1985), when an exemption is asserted pursuant to section 119.07(3)(o).
No in camera hearing was requested by either party and appellee’s counsel made no objection during trial to the evidentiary matters flowing from this information. No motion being timely filed, the trial court is not required to initiate an in camera hearing sua sponte. Therefore, this ground for a new trial is invalid and the same information is admissible in any subsequent trial of this cause.
The trial court also stated as a ground for granting a new trial that the information obtained was a conclusion and mental impression of appellee therefore was erroneously admitted at trial in violation of section 119.07(3)(o). We do not agree. Section 119.07(l)(a) permits the inspection of public records by any person desiring to do so. Section 119.07(3)(o) provides an exemption to the above and protects matters “prepared at the attorney’s express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation....” The information was not prepared at an attorney’s express direction nor did it reflect a conclusion and mental impression of appellee. It was therefore admissible.
The trial court’s third stated ground for granting a new trial involved testimony of subsequent remedial measures. The trial court ruled on a motion in limine, prior to trial, that any subsequent remedial actions taken by the appellee were to be excluded. During trial this order was violated. The jury was interviewed some three months after trial to determine what prejudicial effect, if any, this testimony had on their deliberations. Disregarding the results of the interviews, the admission of subsequent remedial actions by appellee, in violation of the trial court’s order, is sufficient to trigger the court’s discretion in ordering a new trial. See McIntosh v. Flagler Title Co., 483 So.2d 50 (Fla. 4th DCA 1986).
We also pause to recognize the heavy case load of our trial judges. In the exercise of a trial judge’s discretion, the better part of valor would be to simply deny a motion for new trial. We recognize the thoughtful and deliberate process of the court below and conclude that there was no abuse of discretion in the granting of a new trial and therefore, affirm.
AFFIRMED.
GUNTHER and STONE, JJ., concur.
ON MOTION FOR CLARIFICATION
TOBIN, DAVID L., Associate Judge.
This is an appeal from an order granting a new trial in a personal injury action in which final judgment was entered in favor of appellant. Appellee filed a motion for a new trial which was granted by the trial court and from which appellant now appeals.
The trial court stated three reasons for granting appellee’s motion. The first involved the production of a prelitigation file from which appellant obtained alleged privileged information. The trial court failed to conduct an in camera inspection of the file as required by section 119.07(2)(b), Florida Statutes (1985), when an exemption is asserted pursuant to section 119.07(3)(o).
*978 No in camera hearing was requested by either party and appellee’s counsel made no objection during trial to the evidentiary matters flowing from this information. No motion being timely filed, the trial court is not required to initiate an in camera hearing sua sponte. Therefore, this ground for a new trial is invalid and the same information is discoverable in any subsequent trial of this cause.
The trial court also stated as a ground for granting a new trial that the information obtained was a conclusion and mental impression of appellee therefore was erroneously admitted at trial in violation of section 119.07(3)(o). We do not agree. Section 119.01(l)(a) permits the inspection of public records by any person desiring to do so. Section 119.07(3)(o) provides an exemption to the above and protects matters “prepared at the attorney’s express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation....” The information was not prepared at an attorney’s express direction nor did it reflect a conclusion and mental impression of appellee. It was therefore discoverable.
The trial court’s third stated ground for granting a new trial involved testimony of subsequent remedial measures. The trial court ruled on a motion in limine, prior to trial, that any subsequent remedial actions taken by the appellee were to be excluded. During trial this order was violated. The jury was interviewed some three months after trial to determine what prejudicial effect, if any, this testimony had on their deliberations. Disregarding the results of the interviews, the admission of subsequent remedial actions by appellee, in violation of the trial court’s order, is sufficient to trigger the court’s discretion in ordering a new trial. See McIntosh v. Flagler Title Co., 483 So.2d 50 (Fla. 4th DCA 1986).
We also pause to recognize the heavy case load of our trial judges. In the exercise of a trial judge’s discretion, the better part of valor would be to simply deny a motion for new trial. We recognize the thoughtful and deliberate process of the court below and conclude that there was no abuse of discretion in the granting of a new trial and therefore, affirm.
AFFIRMED.
GUNTHER and STONE, JJ., concur.