M. IGNATIUS LESTER, Associate Judge.
Appellant, Roadway Express Inc., the defendant in a condemnation proceeding initiated by appellee, Dade County, appeals the denial of its motion for a new trial and the entry of a final judgment pursuant to a jury verdict which awarded appellant compensation for land and improvements taken, severance damages to the remainder, and moving costs, but no business damages.
COUNTY ROADWAY JURY
Value of Property and improvements taken $113,485 $ 159,683 $132,454
Severance Damages including cost to cure $140,815 $ 780,910 $184,286
Less Special Benefits Moving Costs Business Damages ($ 77,300) $ 16,779 $ 0 $ 0 $ 16,779 $ 449,628 ($ 25,000) $ 16,779 $ 0
Totals $193,779 $1,407,000 $308,519
Compensation in an eminent domain case is committed for final determination to the jury, not to an expert. Behm v. Division of Admin., Dep’t of Transp., 336 So.2d 579, 582 (Fla.1976). When conflicting expert testimony is presented, the role of the jury is to evaluate, interpret and weigh the credibility of the expert witnesses. In resolving conflicting testimony and determining its reasonableness, the jury may also apply their own knowledge, experience, any information obtained in viewing the property, and any other evidence presented in the case. Behm. The resulting jury verdict must be supported by the evidence.
After careful consideration of the record, briefs and oral arguments, we conclude that the amount of compensation awarded by the jury as to each element of damages was supported by substantial competent evidence and fell within the range of expert testimony presented at trial. Reversible error not having been demonstrated, we affirm the entire compensation award.
A second point appellant raises concerns admittedly improper remarks made by the county’s attorney during closing argument. Counsel for Roadway Express failed to make a timely objection, but rather waited until the jury had retired to deliberate to move for a mistrial. The motion was denied. Absent a timely and proper objection, for whatever reason, White Constr. Co. v. DuPont, 455 So.2d 1026 (Fla.1984); Nelson v. Reliance Ins. Co., 368 So.2d 361 (Fla. 4th DCA 1978); American Express Co. v. Juhasz, 281 So.2d 244 (Fla. 3d DCA 1973), reversal may be had only if the comments were so prejudicial as to amount to fundamental error. Having examined the record, we find no fundamental error occurred. The verdict was supported by the evidence and does not appear to have been induced by passion or prejudice. Sharp v. Lewis, 367 So.2d 714 (Fla. 3d DCA 1979). The trial court correctly denied appellant’s motion for a new trial. Accordingly, the final judgment entered pursuant to the jury verdict is affirmed.
The expert witnesses who testified for each side advanced divergent methods of calculating compensation in a partial taking case such as this one. The following is a summary of the appraisal testimony and the jury verdict returned in this case:
AFFIRMED.