PER CURIAM.
Counsel for the plaintiff made prejudicial comments during closing argument in an eight-day negligence action. Although the remarks were improper, they were made in response to arguments of the defense, Gale v. State, 483 So.2d 53 (Fla. 1st DCA), rev. denied, 492 So.2d 1332 (Fla.1986), were not preserved for review by a timely and proper objection, White Constr. Co. v. DuPont, 455 So.2d 1026 (Fla.1984); Roadway Express, Inc. v. Dade County, 537 So.2d 594 (Fla. 3d DCA 1988), and were not so fundamental as to amount to a denial of due process, Pope v. Wainwright, 496 So. 2d 798 (Fla.1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). The incensed trial judge considered declaring a mistrial, sua sponte, but then denied motions for mistrial and for new trial made by the defendant, Winn Dixie. On review of the entire record, we cannot conclude that the trial court abused its discretion.
Plaintiff, the Estate of Pedro Castaño, cross-appeals two evidentiary rulings made by the court during the trial.
As proof that a violent criminal assault was foreseeable by the landlord, Perrine Plaza, and the employer-tenant, Winn Dixie, the plaintiff presented testimony of a security expert, as well as evidence of ninety-three violent crimes-to-the-person which had occurred in the immediate vicinity during a period of thirty months preceding the subject assault. The jury returned a verdict exonerating Perrine Plaza but finding Winn Dixie liable and awarding substantial damages. There is no showing that the limitations or restrictions placed on the number of experts permitted to testify, or *216 the type of prior crimes presented, affected the result reached by the jury, Anthony v. Douglas, 201 So.2d 917 (Fla. 4th DCA 1967), cert. denied, 210 So.2d 222 (Fla. 1968), or that the limitations were otherwise an abuse of discretion. Ritter v. Jimenez, 348 So.2d 659 (Fla. 3d DCA 1977); Stager v. Florida E. Coast Ry., 163 So.2d 15 (Fla. 3d DCA 1964), cert. discharged, 174 So.2d 540 (Fla.), cert. denied, 382 U.S. 878, 86 S.Ct. 162, 15 L.Ed.2d 119 (1965).
AFFIRMED.