576 So.2d 722 (1990)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
WEGGIES BANANA BOAT, Appellee.
No. 89-02908.
District Court of Appeal of Florida, Second District.
December 21, 1990.
Rehearing Denied April 4, 1991.
Gregory G. Costas and Robert I. Scanlan of Dept. of Transp., Tallahassee, for appellant.
Michael W. Gaines and James A. Helinger, Jr., of James A. Helinger, Jr., P.A., Clearwater, and Alan E. DeSerio of Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Tampa, for appellee.
FRANK, Judge.
The condemnation dispute between Weggies Banana Boat and the Department of Transportation (DOT) was first before this court upon the trial court's sua sponte order directing a mistrial as a result of two jurors having impeached the verdict immediately following its rendition. We reversed the trial court, treated the mistrial order as one granting a new trial, and "remand[ed] this matter [for] the trial court to reinstate the verdict and enter judgment consistent with the jury's verdict." Florida Department of Transportation v. Weggies Banana Boat, 545 So.2d 474 (Fla. 2d DCA 1989) (Weggies I). Our opinion was issued on June 21, 1989. On or about June 30, 1989, prior to the expiration of the rehearing period provided in Florida Rules of Appellate Procedure 9.330, Weggies' counsel filed a motion in the trial court seeking a new trial. Thereafter, our mandate issued. Weggies' new trial motion was amended on or about August 29, 1989 and supplemented on or about September 8, 1989. The June 30 motion was confined to a new trial of the jury's zero award of business damages. The amendment to that motion expanded the issues to be retried to severance damages and the value of the land taken by the DOT, each such element having been compensated in the jury verdict. The supplement to the *723 amended motion again attacked the zero award of business damages and added an issue arising from DOT's alleged misrepresentations to condemnees as to the nature of the changes in the roadway. On September 19, 1989, the trial court, without seeking the permission of this court, entered an order directing a new trial which for the most part is grounded upon a "shocked" judicial conscience. After our initial consideration of this matter, we determined to relinquish jurisdiction to permit the trial court to enter a revised new trial order limited to business damages. We have reviewed that order, but before explicating our reasons for rejecting it, we find it appropriate to comment first upon the procedural cloud surrounding this lawsuit from a time shortly following publication of our opinion in Weggies I.
We need not burden this opinion with extensive reference to authority in exposition of the dignity to be accorded a mandate. After remand "[a] trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so." Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 328 So.2d 825, 827 (Fla. 1975) (quoting Cone v. Cone, 68 So.2d 886 (Fla. 1953)). As is noted above, such permission was never requested from this court. In short, "[t]he trial court lacked authority to deviate from our mandate by granting the motion for new trial. It was limited by our direction to the task of reinstating the verdicts." Waltman v. Prime Motor Inns, Inc., 461 So.2d 120, 120-121 (Fla. 3rd DCA 1984). See also Stirling v. Sapp, 238 So.2d 697 (Fla. 2d DCA 1970).
We recognize, of course, that the trial court's sua sponte order impeaching the jury verdict foreclosed Weggies from seeking review of the verdict in Weggies I. The verdict was rendered on August 19 and the mistrial order was entered on August 22. That order effectively vacated the verdict. Weggies, however, did nothing to bring to the trial court's attention the defect in its sua sponte order, obviously content with the result. Weggies accordingly ran the risk of the very result reached in Weggies I. The DOT, on the other hand, attempted to persuade the trial court in a motion for rehearing that the juror's impeachment of the verdict would not sustain a post-verdict mistrial. In sum, Weggies had an adequate opportunity to join with the DOT in pointing out the trial court's mistake, to accord it an opportunity to correct the error and, simultaneously, to seek a new trial within the remainder of the period prescribed in rule 1.530 of the Florida Rules of Civil Procedure. Based upon the foregoing, we would have been wholly warranted in simply reversing the post-verdict order granting a new trial and again directing the trial court to reinstate the jury verdict. In the interest of justice, we chose to review the order granting Weggies' motion for new trial. That order was deficient. The trial court's failure to provide us with its view of the evidence, supported by the record, justifying its second determination to award a new trial, confronted us with the precise disadvantage the supreme court intended in Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978), to obviate  an order granting a motion for new trial that fails to articulate reasons we can consider in fulfilling our responsibility to determine whether judicial discretion has been abused. We, however, relinquished jurisdiction and provided the trial court another opportunity to fashion a new trial order conforming to the requirements of not only rule 1.530(f) of the Florida Rules of Civil Procedure, but also the directions expressed in Wackenhut.
Upon review of the court's most recent and specific order granting a new trial, after permitting the parties to file supplemental briefs, we find no basis for overriding the jury verdict. Before turning to the one area upon which we have focused, the business damage claim, it is appropriate to note without detailed discussion that our canvas of the record has not been to test the soundness of the verdict awarding damages for severance and taking of the land. The compensatory amounts determined by the jury as to those elements of injury fall within the range the jury was permitted to consider.
*724 We are persuaded from our evaluation of the record that the jury was fully able to conclude that Weggies was not entitled to compensation for claimed business damages. Weggies asserted that the DOT's modification of the highway adjacent to its place of business resulted in a 23 foot wall and a roadway obliterating the visual and physical accessibility of motorists passing its premises. "The loss of the most convenient access is not compensable where other suitable access continues to exist." Palm Beach County v. Tessler, 538 So.2d 846, 849 (Fla. 1989). The jury was accorded a view of the site. Coupled with that fact was the competing testimony of two certified public accountants, one of whom stated that Weggies would suffer no economic detriment from the altered highway and the other asserting that it would. It remained a jury function to weigh the evidence and reach a verdict:
For a verdict to be found against the manifest weight of the evidence, the evidence must be "clear, obvious and indisputable." McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988); Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla. 1978). Where the evidence is conflicting, the weight to be given to that evidence is in the province of the jury and, as the fourth district noted in Perenic, "[t]o allow the court to invade this province of the jury would violate the right to a jury trial." 353 So.2d at 1192. See also Harper v. City of Tampa, 374 So.2d 1385 (Fla. 2d DCA 1979).
Hawk v. Seaboard System Railroad, Inc., 547 So.2d 669, 671 (Fla. 2d DCA 1989). Furthermore, any decrease in visibility or increased circuity of access Weggies suffered as a result of the overall design of the project is not compensable. Division of Administration, State of Florida Department of Transportation v. Ness Trailer Park, Inc., 489 So.2d 1172 (Fla. 4th DCA 1986). Even were these matters compensable, the jury could have calculated them into its severance damages award. See Mulkey v. Division of Administration, State of Florida, Department of Transportation, 448 So.2d 1062 (Fla. 2d DCA 1984). Indeed, damages relating to access and visibility are more akin to severance damages than to business damages, which are "in the nature of lost profits attributable to the reduced profit-making capacity of the business." Mulkey, 448 So.2d at 1066.
The jury's zero verdict is within the range of the expert's testimony and cannot be set aside. Roadway Express, Inc. v. Dade County, 537 So.2d 594 (Fla. 3d DCA 1988); Stewart v. Alachua County, 320 So.2d 33 (Fla. 1st DCA 1975). From our review of the record in its totality, we are convinced that the trial court merely reweighed the evidence and attached a different value to it as if it were sitting as a juror, thus abusing its discretionary power in granting the motion for new trial. See Andrews v. Tew By And Through Tew, 512 So.2d 276 (Fla. 2d DCA 1987).
Reversed and remanded with directions that the jury's verdict be reinstated and a judgment for the DOT be entered upon it.
RYDER, A.C.J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I concur in the result and with most of the reasoning in the majority's opinion. I write to describe my reasoning on three of the problems presented by this unusual case.
First, I do not believe that Weggies' counsel had a duty to convince the trial judge that the judge had erred when he sua sponte granted a mistrial in favor of Weggies. An attorney's relationship with his or her client is sufficiently difficult after an adverse jury verdict. I do not believe we should increase those difficulties by suggesting that the attorney must argue a position that the client will surely believe is adverse to the client. As a matter of good trial tactics, however, I agree that Weggies' trial counsel might have filed a motion for new trial within ten days of the initial verdict along with a motion for rehearing on the sua sponte mistrial order. In that fashion, before the first appeal, the trial court could have considered *725 the additional grounds for new trial that Weggies raised after the first appeal.
Second, I agree that the trial court had no authority to consider the motion for new trial which Weggies filed after our decision in the first appeal. When Weggies' counsel received our first opinion with its broad mandate, he made a fatal mistake when he did not move for rehearing in this court.[1] Weggies should have requested this court on rehearing to modify the mandate to permit it to file a motion for rehearing. Under the unusual circumstances of this case, it seems likely that we would have granted that request. Since no such rehearing was requested, the second new trial order must be stricken as a violation of our original mandate.
Finally, I regard our discussion of the merits of the second new trial order to be a discussion in dicta. Under the circumstances of this case, that discussion seems appropriate. I agree with the majority's decision. In this case, DOT took the front 17 feet of a parcel which was approximately 150' wide and 300' deep. This land is located adjacent to U.S. Highway 19 near Whitney Road. Weggies operated a lounge on the parcel and had a large parking lot. The taking eliminated a few parking spaces, but there is substantial evidence that the lounge had an excess of parking and that the taking did not directly cause a business loss.
Weggies almost certainly sustained a significant loss of business because of two changes which occurred on the preexisting right-of-way. First, the construction of an elevated roadway made it difficult for motorists on U.S. Highway 19 to see the lounge. Second, the construction of a limited access roadway made it inconvenient for motorists on U.S. Highway 19 to stop at the lounge. The traffic on the local road constructed between U.S. Highway 19 and this lounge was only a small percentage of the traffic which had had direct access to the lounge before U.S. Highway 19 was reconfigured.
The problems which Weggies experienced due to the reconfiguration of U.S. Highway 19 are no different than the problems experienced by other businesses along highways when the highways are modernized without a taking of the businesses' property. It is well-established that the statutory right to business damages pursuant to section 73.071(3)(b), Florida Statutes, does not include a right to recover for damages caused by a change in an adjacent highway, but is limited to damages attributed to the loss of the taken property. State Road Department v. Lewis, 170 So.2d 817 (Fla. 1964); see Howard Johnson Co. v. DOT, 450 So.2d 328 (Fla. 4th DCA 1984); see generally Florida Eminent Domain Prac. & Proc. § 9.28 (4th ed. 1988) (W. Earle, L. Block, Jr., H. Hunter, B. Davidson). In this case, both the experts' testimony and the direct evidence underlying their opinions adequately supported the jury's verdict.
Weggies argues that it sustained a "substantial loss of access" to its property and that it is entitled to compensation under the guidelines that the supreme court announced in Palm Beach County v. Tessler, 538 So.2d 846 (Fla. 1989), after the trial in this case. Assuming this issue is preserved for appeal, Tessler states: "In any event, the damages which are recoverable are limited to the reduction in the value of the property which was caused by the loss of access. Business damages continue to be controlled by section 73.071, Florida Statutes (1987)." Tessler, 538 So.2d at 849-50. Thus, Tessler does not appear to create any right to business damages attributable to a loss of access as compared to a loss of physical property. Even if additional damages for loss of land value might have been available at the time of trial, Weggies never asked the trial judge to declare a taking of access as compared to the taking of land which was described in DOT's complaint. Thus, there was no *726 legal predicate to permit the jury to award additional damages for a taking of access.
NOTES
[1] It should be noted that the motion for new trial was filed in the trial court within the time for filing a motion for rehearing in this court. Technically, since the motion was filed in the trial court before we issued mandate, it was filed even before the trial court had jurisdiction to consider the matter.