PER CURIAM.

ON MOTION FOR REHEARING AND CLARIFICATION

We deny the motion for rehearing, but grant the motion for clarification withdrawing our prior opinion and substituting the following in its place.
This Court directed the trial court to enter a final judgment in favor of Atkins pursuant to the jury verdict. The trial court did so, but then almost immediately vacated that judgment and granted the defendants a new trial. This was improper. The trial court lacked authority to deviate from our mandate by granting the motion for new trial. See Waltman v. Prime Motor Inns, Inc., 461 So.2d 120 (Fla. 3d DCA), review denied, 472 So.2d 1182 (Fla.1985).
Since we have determined that it is improper for the lower court to entertain a motion for new trial after this court has entered its mandate, the filing of the unauthorized motion for new trial did not stay the execution of the writs of garnishment. See Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981). Therefore, we affirm the order denying the motion to dissolve the writs of garnishment.
Accordingly, this cause is reversed and remanded with instructions to the trial court to reinstate the jury verdict in accordance with this court’s prior mandate. See Waltman v. Prime Motor Inns, Inc., 461 So.2d at 120; Dept. of Transp. v. Weggies Banana Boat, 576 So.2d 722 (Fla. 2d DCA 1990), review denied, 589 So.2d 294 (Fla.1991).
Affirmed in part; reversed in part; and remanded with instructions.